# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **TOMEKA FELDER,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | 2:24-cv-225-ACA |
| ] | |
| **KEVIN MOORE, et al.,** ] | |
| ] | |
| **Defendants.** ] | |

## MEMORANDUM OPINION

Plaintiff Tomeka Felder filed this lawsuit, *pro se*, alleging disability discrimination ("Counts One and Two") and retaliation ("Counts Three and Four") in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12203(a) and 12112(a); race discrimination ("Counts Five and Six") and retaliation ("Counts Seven and Eight") in violation of Title VII, 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a); and sex discrimination ("Counts Nine and Ten") and retaliation ("Counts Eleven and Twelve") in violation of Title VII, 42 U.S.C. § 2000e-2(a) and 2000e-3(a). (Doc. 1 at 3–5).[1] Defendants move to dismiss all of Ms. Felder's claims. (Doc. 11 (sealed motion); doc. 12 (redacted motion)). Ms. Felder, now represented by counsel, responded to the motion. (Doc. 31).

---

[1] Even-numbered counts reflect claims asserted against Defendant City of Birmingham, and odd-numbered counts reflect claims asserted against the individual defendant.

The court **WILL GRANT IN PART** and **WILL DENY IN PART** Defendants' motion. (Docs. 11–12). Because Ms. Felder does not allege any state law claims, only checking a box for unspecified state law claims on her form complaint (doc. 1 at 4), the court **DENIES AS MOOT** Defendants' motion to dismiss her state law claims. The court cannot dismiss claims that were not alleged. And because Ms. Felder plausibly alleges a claim of Title VII sex discrimination against the City of Birmingham, the court **WILL DENY** Defendants' motion to dismiss that claim.

But Ms. Felder fails to plausibly allege remaining ADA and Title VII claims against the City of Birmingham, so the court **WILL GRANT** Defendants' motion and **WILL DISMISS** those claims **WITHOUT PREJUDICE**. And Ms. Felder concedes that her ADA and Title VII claims against the individual defendant are due to be dismissed (doc. 31 at 4); *see Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007); *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006), so the court **WILL GRANT** Defendants' motion and **WILL DISMISS** those claims **WITH PREJUDICE**.

Ms. Felder shall file an amended complaint on or before **March 24, 2025**.

I.     BACKGROUND

In considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true the factual allegations in the

complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012).

Ms. Felder attached three exhibits to her complaint: (1) her Equal Employment Opportunity Commission ("EEOC") right to sue letter (doc. 1-1); (2) her victim statement associated with a police report from the Trussville Police Department (doc. 1-2); and (3) portions of a police report (doc. 1-3). Because exhibits attached to a complaint are considered a part of the pleading, the court incorporates into the description of facts the allegations made in the exhibits. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014) ("[D]ocuments attached to a complaint or incorporated in the complaint by reference can generally be considered by a federal court in ruling on a motion to dismiss under Rule 12(b)(6).").

In January 2023, the City of Birmingham hired Ms. Felder as a senior accountant. (Doc. 1-3 at 1). In May 2023, Ms. Felder visited her boss's home. (Doc. 1-2 at 1). While there, another guest engaged in a sex act with Ms. Felder's boss in Ms. Felder's presence. (*Id.*). This made Ms. Felder extremely uncomfortable, but she remained at the home. (*Id.* at 1–2). Ms. Felder's boss later asked her to take a shower with the same guest, which Ms. Felder declined, but she agreed to shower by herself. (*Id.* at 2). While showering, Ms. Felder heard shouting and got out of the

3

shower to find her boss and the guest fighting. (Doc. 1-2 at 2). Ms. Felder told them to calm down and returned to the bedroom, and the guest left the home. (*Id.*).

Ms. Felder's boss then came to the bedroom and asked Ms. Felder to stay, but she declined the offer. (*Id.* at 3). Ms. Felder's boss replied that she "had been putting him down for years" and that he had helped Ms. Felder get her job. (Doc. 1-2 at 3). Ms. Felder felt she "had to pay for [her] job" because she "left [her] other jobs for this job and [she] couldn't turn back." (*Id.*). Feeling "compelled and obligated" to comply with his request because he had "power over [her] livelihood," Ms. Felder and her boss had sexual intercourse. (*Id.*). Ms. Felder then felt "ashamed of what [she] had to do for the job that [she] . . . always wanted," and her "PTSD, depression, [and] anxiety went into overdrive [and] she had a panic attack." (*Id.*).

Ms. Felder returned to her boss's house nine months later to discuss "the stress [she] was under [at] the hands of [her] manager" and coworkers who were "becoming unbearable to work with." (Doc. 1-2 at 4). Ms. Felder's boss responded by repeatedly saying that he was going to lose his job over Ms. Felder. (*Id.* at 4). He then said "I['m] not going to talk about work," undressed himself, "grabbed" Ms. Felder, and sexually assaulted her. (*Id.*; doc. 1-3 at 3). While Ms. Felder's boss was sexually assaulting her, she "pleaded with" him, asking why he was assaulting her. (Doc. 1-3 at 3). He told her "that he was going to punish her." (*Id.*).

4

Three weeks later, Ms. Felder confronted her boss and another employee at work regarding a recent evaluation. (Doc. 1-2 at 5). They informed Ms. Felder that she had two days to rebut the evaluation. (*Id.*). As Ms. Felder began to make her way back to her desk, her boss called out to stop her, picked up a piece of paper, and appeared to read it. (*Id.*). He advised Ms. Felder that she was fired for threatening violence at City Hall. (*Id.*). Thereafter, the police escorted Ms. Felder out of the building. (Doc. 1-2 at 5). Ms. Felder denies making a threat of violence. (*Id.*). Four months after her termination, Ms. Felder reported the incidents to the Trussville Police Department. (Doc. 1-3 at 1). She filed this lawsuit three days later. (*Compare* doc. 1 at 1, *with id.*).

## II.   DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Defendants move to dismiss all of Ms. Felder's claims on this ground. (Doc. 11).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plausible claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint need not contain detailed factual allegations,

but a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *See* Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678.

Ms. Felder filed her complaint *pro se* (doc. 1), and although she later retained counsel (doc. 16), she has had limited communication with her attorney. (*See, e.g.*, docs. 17, 23, 25). Because the complaint was drafted without the benefit of legal counsel, the court will liberally construe it. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### 1.   ADA and Title VII Claims Against the Individual Defendant (Counts One, Three, Five, Seven, Nine, and Eleven)

The court assumes, as do Defendants, that Ms. Felder brings all claims against both Defendants. (Doc. 1 at 2–5; s*ee generally* doc. 11). Defendants seek dismissal of the ADA and Title VII claims against the individual defendant on the ground that employees are not subject to liability under the ADA or Title VII. (Doc. 11 at 5, 9–10). Ms. Felder concedes in her counseled response that the ADA and Title VII claims against the individual defendant are due to be dismissed in her response. (Doc. 31 at 4). Because these counts are foreclosed,[2] *see Albra*, 490 F.3d at 830 (holding that the ADA precludes individual liability); *Dearth*, 441 F.3d at 933

---

[2] Although the ADA does permit individual liability for retaliation in the public services context, *see Shotz v. City of Plantation*, 344 F.3d 1161, 1179–80 (11th Cir. 2003), this action does not invoke this exception.

6

(holding that Title VII precludes individual liability), the court **WILL GRANT** Defendants' motion to dismiss the claims against the individual defendant and **WILL DISMISS** them **WITH PREJUDICE**.

> 2. ADA and Title VII Claims Against the City of Birmingham (Counts Two, Four, Six, Eight, Ten, and Twelve)

Ms. Felder's claims against the City of Birmingham are:

(1) The City of Birmingham violated the ADA by discriminating against Ms. Felder when it failed to accommodate her disabilities, subjected her to unequal terms and conditions of employment, and terminated her (Count Two);

(2) The City of Birmingham violated the ADA by retaliating against Ms. Felder on the basis of her disabilities (Count Four);

(3) The City of Birmingham violated Title VII by discriminating against her on the basis of race when it subjected her to unequal terms and conditions of employment and terminated her (Count Six);

(4) The City of Birmingham violated Title VII by retaliating against Ms. Felder on the basis of race (Count Eight);

(5) The City of Birmingham violated Title VII by sexually harassing Ms. Felder and/or creating a hostile work environment (Count Ten); and

(6) The City of Birmingham violated Title VII by retaliating against Ms. Felder on the basis of gender/sex (Count Twelve).

(Doc. 1 at 2–5).

At this stage, a complaint alleging discrimination under Title VII (or the ADA) need "only provide enough factual matter (taken as true) to suggest intentional . . . discrimination." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th

Cir. 2015) (quotation marks omitted); *see also Todd v. Fayette Cnty. Sch. Dist.*, 998 F.3d 1203, 1215 n.7 (11th Cir. 2021) (noting that the Eleventh Circuit "often cite[s] case law under [Title VII and the ADA] interchangeably").

                              *i.*      *ADA Discrimination (Count Two)*

The ADA prohibits discrimination by employers "against a qualified individual on the basis of disability in regard to . . . [the] discharge of employees . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). "To state a discrimination claim under the ADA, a plaintiff must allege sufficient facts to plausibly suggest (1) that [s]he suffers from a disability, (2) that [s]he is a qualified individual, and (3) that a covered entity discriminated against h[er] on account of his disability." *Surtain*, 789 F.3d at 1246. A qualified individual is an employee "who, with or without reasonable accommodation, can perform the essential functions" of her job. 42 U.S.C. § 12111(8).

Defendants argue, and Ms. Felder's counsel concedes, that Ms. Felder "fails to allege sufficient facts supporting any of the three required elements." (Doc. 11 at 2; doc. 31 at 3). This court agrees. (*See generally* docs. 1, 1-2, 1-3); 42 U.S.C. § 12111(8). The court notes that Ms. Felder's response states that she should be allowed to amend her complaint (doc. 31 at 3), but Ms. Felder has not moved to amend in the intervening three months since filing the response. To the extent Ms. Felder intended the court to construe her statement as a motion to amend, her

8

effort fails. *See Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009) (citing *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999)) (quotation marks omitted) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.").

Accordingly, the court **WILL GRANT** Defendants' motion to dismiss Count Two and **WILL DISMISS** that claim **WITHOUT PREJUDICE**.

> ii.   *ADA Retaliation (Count Four)*

The ADA prohibits retaliation against "any individual because such individual has opposed any act or practice made unlawful by" the ADA. 42 U.S.C. § 12203(a). Defendants assert that Ms. Felder fails to "allege sufficient facts to plausibly suggest that (1) she engaged in a statutorily protected expression, (2) she suffered an adverse employment action, and (3) there was a causal link between the two." (Doc. 11 at 4) (citing *Frazier-White v. Gee*, 818 F.3d 1249, 1258 (11th Cir. 2016)). Defendants argue that Ms. Felder neither alleged that she engaged in protected activity, nor that her termination was causally related to that protected activity. (Doc. 11 at 4–5).

Ms. Felder does not dispute that her complaint fails to plausibly allege causation. (Doc. 31 at 4). Instead, she states that she should be allowed to amend her complaint. (*Id.*). Again, Ms. Felder has not moved to amend, and her response cannot

9

be construed as such a motion. *See Rosenberg*, 554 F.3d at 967 (citing *Posner*, 178 F.3d at 1222).

Accordingly, the court **WILL GRANT** Defendants' motion to dismiss Count Four and **WILL DISMISS** that claim **WITHOUT PREJUDICE**.

### iii. Title VII Race Discrimination (Count Six)

Title VII prohibits employers from discriminating against an employee because of that employee's race. 42 U.S.C. § 2000e-2(a). Defendants argue that Ms. Felder's complaint "is wholly devoid of sufficient factual allegations to make her race discrimination claim plausible." (Doc. 11 at 6). For example, they explain that Ms. Felder does not identify her race or the races of any of her supervisors, including the boss who sexually assaulted her. (*Id.*).

The court notes that the attached police report identifies the races of Ms. Felder and her boss. (*See* doc. 1-3 at 2–3). But listing her their races does not plausibly suggest an inference of race discrimination, and none of Ms. Felder's factual allegations discuss race. (*See generally* docs. 1, 1-2, 1-3). Ms. Felder does not dispute whether she has created an inference of race discrimination, but she instead asks for an opportunity to amend her complaint. (Doc. 31 at 5–6); *but see Rosenberg*, 554 F.3d at 967 (citing *Posner*, 178 F.3d at 1222).

Accordingly, the court the court **WILL GRANT** Defendants' motion to dismiss Count Six and **WILL DISMISS** that claim **WITHOUT PREJUDICE**.

### iv.  *Title VII Retaliation on the Basis of Race (Count Eight)*

Like the ADA, Title VII prohibits employers from retaliating against an employee because the employee opposed an unlawful employment practice. 42 U.S.C. § 2000e-3(a). Defendants contend that "there are no allegations in the complaint that permit a reasonable inference that [Ms. Felder's] termination was causally related to any protected activity." (Doc. 11 at 9). The court agrees.

The court agrees that Ms. Felder alleges no facts about her engagement in a protected activity or her opposition to an unlawful employment practice involving racial discrimination. (*See generally* docs. 1, 1-2, 1-3). Again, Ms. Felder does not dispute that she alleges no facts concerning retaliation for reporting race discrimination and asks for an opportunity to amend her complaint. (*See* doc. 31 at 4–7); *but see Rosenberg*, 554 F.3d at 967 (citing *Posner*, 178 F.3d at 1222).

Because Ms. Felder fails to create an inference of retaliation for reporting racial discrimination, the court **WILL GRANT** Defendants' motion to dismiss Count Eight and **WILL DISMISS** that claim **WITHOUT PREJUDICE**.

### v.  *Title VII Sexual Harassment (Count Ten)*

As an initial matter, the court construes Ms. Felder's "gender/sex discrimination" claims as sexual harassment or hostile work environment claims rather than disparate treatment claims. (Doc. 1 at 4–5); *see Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1285 (11th Cir. 2012). This construction is consistent

with her response to Defendants' motion to dismiss. (*See* doc. 31 at 6–7) (requesting that the court permit Ms. Felder to replead her Title VII sexual harassment and retaliation claims, but not mentioning disparate treatment claims).[3]

It is well settled that Title VII's prohibition against discrimination on the basis of sex includes a cause of action for sexual harassment or a sexually hostile work environment. *See Meritor Savings Bank v. Vinson*, 477 U.S. 57, 63–69 (1986). A plaintiff may demonstrate sexual harassment by (1) demonstrating quid pro quo, or "explicit," harassment, in which an employee's terms of employment are expressly conditioned upon her employer's sexual demands; or (2) absent such explicit discrimination, a showing of severe or pervasive harassment by inappropriate sexual conduct that creates an abusive working environment. *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999) (en banc). Under the second theory, "courts [should] determine whether an environment is sufficiently hostile or abusive by looking at . . . the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Faragher v. City of Boca Raton*, 524 U.S. 775, 787–88 (1998).

---

[3] Even if Ms. Felder did intend to bring disparate treatment claims alongside or in lieu of her sexual harassment claims, this opinion does not foreclose her from including them in an amended complaint.

Defendants argue that Ms. Felder fails to allege facts supporting either theory of sexual harassment. (Doc. 11 at 7–9). Defendants contend Ms. Felder cannot establish quid pro quo harassment because the request that Ms. Felder repay her boss through sexual favors *after* he hired her is not equivalent to conditioning *future* employment terms on sexual demands. (Doc. 11 at 8). Defendants next contend that Ms. Felder alleges neither that the harassment affected her terms and conditions of employment, nor that it created a hostile work environment. (*Id.* at 8–9). The court disagrees.

The two sexual assaults on Ms. Felder by her boss within months of each other reflect severe or pervasive sexual harassment. (Doc. 1-2 at 1–5). These were not instances of "slight physical contact" or "arguably inappropriate statement[s]," but "threatening" and "humiliating" physical assaults on Ms. Felder. *Mendoza*, 195 F.3d at 1248–49; (*see* doc. 1-2 at 1–5). Ms. Felder alleges that the first sexual assault affected her PTSD, anxiety, and depression, which were included in her last evaluation before the City terminated her. (Doc. 1 at 3, 5). These allegations therefore plausibly suggest that her boss's conduct "unreasonably interfered with [Ms. Felder's] work performance," *Faragher*, 524 U.S. at 788, or, at the very least, was abusive enough to create a hostile work environment.

The court need not decide whether Ms. Felder's allegations are sufficient under a quid pro quo theory because it finds that they are sufficient under the

13

alternative theory. Accordingly, the court **WILL DENY** Defendants' motion to dismiss Count Ten.

> vi. *Title VII Retaliation on the Basis of Gender/Sex (Count Twelve)*

As with Ms. Felder's other two retaliation claims, Defendants contend that "there are no allegations in the complaint that permit a reasonable inference that [Ms. Felder's] termination was causally related to any protected activity," (doc. 11 at 9), and Ms. Felder responds by requesting an opportunity to amend her complaint (doc. 31 at 6–7). The court agrees that Ms. Felder alleges no facts dealing with her engagement in a protected activity or her opposition to such sex discrimination. (*See generally* docs. 1, 1-2, 1-3). Indeed, Ms. Felder admits that she did not report any incidents until after she was terminated in fear of her boss and his connections. (*Id.*).

Accordingly, the court **WILL GRANT** Defendants' motion to dismiss Count Twelve and **WILL DISMISS** that claim **WITHOUT PREJUDICE**.

## III.   CONCLUSION

The court **WILL GRANT IN PART** and **WILL DENY IN PART** Defendants' motion to dismiss. (Docs. 11–12). The court **WILL DENY** Defendants' motion to dismiss Count Ten, the Title VII sexual harassment claim against the City of Birmingham. That claim shall proceed. And the court **WILL DENY AS MOOT** Defendants' motion to dismiss the state law claims because Ms. Felder alleges none.

The court **WILL GRANT** Defendants' motion to dismiss all other ADA and Title VII claims against the City and **WILL DISMISS** those claims **WITHOUT PREJUDICE**. The court **WILL GRANT** Defendants' motion to dismiss the ADA and Title VII claims against the individual defendant and **WILL DISMISS** those claims **WITH PREJUDICE**.

Ms. Felder shall file her an amended complaint on or before **March 24, 2025**.

**DONE** and **ORDERED** this February 24, 2025.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE